UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| **Adam Garfield Bigford,** )  | CASE NO. 1:23 CV 608 |
| ) | |
| **Plaintiff,** ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | |
| **Commissioner of Social Security,** ) | |
| ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jennifer Dowdell Armstrong (Doc. 12) recommending that the decision of the Commissioner be affirmed. Plaintiff filed an objection. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

### FACTS

Only those facts necessary for a resolution of plaintiff's objection are set forth herein. Plaintiff Adam Garfield Bigford ("Bigford") filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2017. In 2019, the Administrative Law Judge ("ALJ") issued a written decision, finding that Bigford was not disabled. The ALJ's decision became final on April 8, 2020, when the Appeal Council declined further review.

Bigford filed a complaint in this Court, challenging the Commissioner's final decision. Pursuant to a stipulation of remand, this Court remanded the case to the Commissioner to

> [E]valuate the medical evidence of record, including all medical source opinions, evaluate Plaintiff's maximum residual functional capacity throughout the period at issue, and obtain supplemental vocational expert evidence as necessary. The ALJ will offer the Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a decision.

*Bigford v. Commissioner of Social Security*, Case No. 1:20-cv-1224 (N.D. Ohio Apr. 8, 2021), Doc. 21. Accordingly, the Appeals Council vacated the Commissioner's final decision and remanded the case to the ALJ. Relevant to Bigford's current objection, the Appeals Council instructed the ALJ to:

> Give further consideration to the claimant's maximum RFC during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the medical source opinion(s) and prior administrative medical findings pursuant to the provisions of 20 CFR 404.1520c and 416.920c. As appropriate, the ALJ may request the medical sources provide additional evidence and/or further clarification of the opinions (20 CFR 404.1520b and 416.920b).

(Doc. 6, at 1738.) On remand, the ALJ held a hearing and then issued a written decision, finding, again, that Bigford was not disabled.

On March 22, 2023, Bigford filed a complaint in this Court, seeking review of the Commissioner's final decision. Bigford alleged two assignments of error. The R&R recommends rejecting both assignments of error. Bigford objects to only one assignment, claiming that the R&R's finding that the ALJ properly complied with the Court's order of remand is factually and legally incorrect.[1]

---

[1] The Court reviewed the other assignment for clear error and found none.

2

**STANDARD OF REVIEW**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true

even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

## ANALYSIS

Bigford's single objection focuses on the R&R's affirmation of the ALJ's finding that the opinion of Dr. Balk was persuasive, except for Dr. Balk's opinion that Bigford would be limited to no more than occasional use of his right upper extremity. The ALJ provided that "all other physical examinations in the record have noted that [Bigford] has normal sensation in both the upper and lower extremities." (*See* Doc. 12, at 33 (citing Doc. 6, at 1631).)

As the R&R discussed, however, the ALJ's sweeping statement was not entirely true. A February 9, 2021 examination resulted in Bigford receiving a diagnosis of bilateral carpal tunnel syndrome and neuropathy. Notwithstanding that inaccuracy, the R&R found the ALJ's decision that Dr. Balk's limitation did not apply was supported by substantial evidence.

In his objection, Bigford contends that the R&R "erroneously concluded that the medical evidence did not support the manipulative limitations that Dr. Balk identified." (Doc. 13, at 2.) Bigford claims this finding was "factually incorrect" because "Dr. Balk opined that [Bigford] would be limited to no more than occasional use of his right upper extremity." (*Id.*) That some evidence may support Bigford's position does not warrant a rejection of the ALJ's findings that are otherwise supported by substantial evidence.

The ALJ cited other medical evidence to support the rejection of Dr. Balk's limitation. Bigford does not contend that any of that cited medical evidence is incorrect. Rather, Bigford faults the ALJ

for "exaggerate[ing] the normal examination findings and fail[ing] to discuss the abnormal findings[.]" (Doc. 13, at 3.) Bigford is incorrect, however, to say the ALJ "failed to discuss the abnormal findings in this matter." As the R&R noted, the ALJ did note Bigford's carpal tunnel diagnosis, but considered it "not severe" based on the medical opinions and evidence. (Doc. 6, at 1624.)

Bigford also cites an August 3, 2022 medical evaluation that found he had abnormal testing in his lower extremities. (Doc. 13, at 2.) This finding does nothing to support Dr. Balk's opinion that Bigford was limited to occasional use of his right upper extremity. To the extent Bigford cites this examination to question the ALJ's finding relative to his lower extremities, this evidence, standing alone, does not undermine the substantial evidence the ALJ cited to support the finding that Bigford had normal sensation and movement in his right extremities. (Doc. 6, at 1267, 1631.)

In the end, Bigford's objection is nothing more than a disagreement with how the ALJ weighed the evidence. This Court's review is limited to whether the ALJ's decision is supported by substantial evidence. *See DeLong*, 748 F.3d at 726. That other available evidence may support a finding of disability is not a reason to reverse the ALJ's decision. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

5

**CONCLUSION**

For the foregoing reasons, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                           /s/ Patricia A. Gaughan
                                           PATRICIA A. GAUGHAN
Dated: 3/14/24                      United States District Judge